## United States District Court
## Central District of California

JS-3

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**   LA CR13-00107 JAK |
| **Defendant**   Peace & Rich Import, Inc. | **Federal Tax ID No.**   8  7   7  5 |
| akas:  None | (Last 4 digits) |

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person on this

| MONTH | DAY | YEAR |
|---|---|---|
| 04 | 24 | 2014 |

**COUNSEL**      Pamela Louise Johnston, Retained
(Name of Counsel)

**PLEA**   [X] **GUILTY,** and the Court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
Conspiracy to Operate an Unlicensed Money Transmitting Business pursuant to 18 U.S.C. § 371 as charged in Count 1 of the Indictment

**JUDGMENT AND PROB/ COMM ORDER**   The Court and counsel confer. Counsel submit on the papers. The Court places findings on the record and proceeds with sentencing. The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Peace & Rich Import, Inc., is hereby placed on Probation on Count 1 of the Indictment for a term of **FOUR (4) YEARS** under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation Office, General Order 05-02, and General Order 01-05, including the three special conditions delineated in General Order 01-05.

2. The defendant shall not commit any violation of local, state or federal law or ordinance.

3. During the period of community supervision, the defendant shall pay the special assessment and fine in accordance with this judgment's orders pertaining to such payment.

4. The defendant shall comply with the criminal forfeiture order and shall pay the total amount as specified in the forfeiture order and the order of this Court; provided, however that the amount has already been paid in full but that defendant shall fulfill any ongoing obligations.

5. The organization shall develop and submit to the Probation Officer an effective compliance and ethics program consistent with U.S.S.G. § 8B2.1. The organization shall include in its submission a schedule for implementation of the compliance and ethics program.

6. Upon approval by the Probation Officer of a compliance program, the organization shall notify its employees and shareholders of its criminal behavior and its compliance program. Such notice shall be in a form prescribed by the Probation Officer.

7. The organization shall make periodic submissions to the Court or Probation Officer, at intervals specified by the Probation Officer, (A) reporting on the organization's financial condition and results of business operations, and accounting for the disposition of all funds received, and (B) reporting on the organization's progress in implementing the compliance program. Among other things, reports in relation to the compliance program shall disclose any criminal prosecution, civil litigation, or administrative proceeding commenced against the organization, or any investigation or formal inquiry by governmental authorities of which the organization learned since its last report.

USA vs.  Peace & Rich Import, Inc.                    Docket No.:  LA CR13-00107 JAK

8. The organization shall be required to notify the Court, through the Probation Officer, immediately upon learning of (1) any material adverse change in its business or financial condition or prospects, or (2) the commencement of any bankruptcy proceeding, major civil litigation, criminal prosecution, or administrative proceeding against the organization, or any investigation or formal inquiry by government authorities regarding the organization.

9. The organization shall submit to (A) a reasonable number of regular or unannounced examinations of its books and records at appropriate business premises by the Probation Officer or experts engaged by the Court; and (B) interrogation of knowledgeable individuals within the organization. Compensation to and costs of any experts engaged by the Court shall be paid by the organization.

10. At any time, the organization shall make available all information relating to the finances, employees, shareholders and salaries of any successor company, to include organizations that take over any part of operations as they were constituted at the time the search warrant was executed in March 2009. Should the organization not comply with this condition, it will not be permitted to do business with such companies. The organization will ensure that such companies enact a compliance program, which shall be submitted to the Court, through the supervising Probation Officer. This information made available shall include information relating to foreign bank accounts held by such companies.

11. Defendant, or its successor company, shall not accept more than $5,000 in cash from a customer per payment, and defendant, or its successor company, shall not direct any of its employees to accept more than $5,000 in cash from a customer per payment.

12. Defendant, or its successor company, shall keep a log and provide it, as requested, to the Probation Officer of the name, address, contact information, and passport number or driver's license number of any customer of Peace & Rich Import, Inc., or its successor company, who provides the allowable amount of cash to defendant or any of defendant's employees, as well as the amount of cash, the invoice number or transaction for which the cash was paid, the date when cash was tendered, location of transaction, and name of the employee who accepted the cash.

13. Defendant shall not accept cash from any individual who is not a customer of Peace & Rich Import, Inc. or its successor company.

14. Defendant shall not accept any form of payment from individuals or companies who are not customers of defendant or its successor company.

It is ordered that the defendant shall pay to the United States a special assessment of $400, which is due immediately.

It is ordered that the defendant shall pay to the United States a total fine of $75,000, which shall bear interest as provided by law. The fine shall be paid in monthly installments of at least $1,000 during the term of probation. These payments shall begin 30 days after the date of this judgment.

The defendant shall comply with General Order No. 01-05.

The Court has found that the property identified in the proposed preliminary order of forfeiture is subject to forfeiture. The preliminary order is incorporated by reference into this judgment and is final as to the defendant.

The Defendant is advised of his right to appeal.

The Court grants the Government's request to dismiss all remaining counts.

**IT IS SO ORDERED.**

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

April 24, 2014                                    JOHN A. KRONSTADT, U. S. District Judge
     Date

| | | | |
|---|---|---|---|
| USA vs. | Peace & Rich Import, Inc. | Docket No.: | LA CR13-00107 JAK |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| | |
|---|---|
| April 24, 2014 | By _(signature)_ |
| Filed Date | Andrea Keifer, Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

| | |
|---|---|
| USA vs. Peace & Rich Import, Inc. | Docket No.: LA CR13-00107 JAK |

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____

USA vs. Peace & Rich Import, Inc.   Docket No.: LA CR13-00107 JAK

at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Date                      Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____
Filed Date                Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____
Defendant                 Date

_____
U. S. Probation Officer/Designated Witness     Date